RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 2/5/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JONICA HAAMID PHILLIPS | DOCKET NO. 13-CV-2516; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| TIM KEITH, ET AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Pro se Plaintiff Jonica Phillips, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 20, 2013. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections (LDOC), and he is incarcerated at the Winn Correctional Center in Winnfield, Louisiana. He named as defendants Tim Keith, Virgil Lucas, Tommy Glover, Pamela Horn, and CCA / WNC. He complains that they failed to protect him from injuries inflicted by his cell-mate.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that in October 2012, he was stabbed by his cell-mate while asleep in his bed. He states that, when he was assigned to the cell with this inmate, Plaintiff told Defendant Pamela Horn that he "could not live in the cell with said inmate" because he is known to attack other inmates. He alleges that Horn told him it would be fine. Plaintiff alleges that he suffered injuries to his chest, leg, and arm as a result of the attack.

Plaintiff was found "not guilty" of any disciplinary infraction.

### *Law and Analysis*

To prevail on a section 1983 failure to protect claim, a prisoner must demonstrate that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection. See Jones v. Greninger, 188 F.3d 322, 326 (*citing* Newton v. Black, 133 F.3d 301, 308 (5th Cir. 1998)). A prison official is "deliberately indifferent" to a risk when he "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). To "know of" a risk, an official must be "subjectively aware" of the risk: that is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.; see also Adames v. Perez, 331 F.3d 508, 512 (5th Cir. 2003). Even if a prison official was subjectively aware of the risk, he may be found free from liability if he "responded reasonably to the risk, even if the harm ultimately was not averted." Farmer, 511 U.S. at 844. "[N]egligence is insufficient to support a finding of liability." Adames v. Perez, 331 F.3d 508, 514 (5th Cir.2003)(*citing* Farmer, 511 U.S. at 835).

Plaintiff has not put forth allegations of deliberate indifference against any defendant other than Officer Horn, with

2

whom he allegedly discussed his fear about sharing a cell with the assailant.  It is unclear whether Plaintiff had previously been threatened by the attacker, whether Plaintiff is a targeted inmate in general, or whether Plaintiff is a member of a class of inmates against whom the attacker had a propensity for violence. Nonetheless, Plaintiff does not claim that he discussed the cellmate situation with any defendants, other than Horn.

Plaintiff also names as defendants Tim Keith and CCA. Liability under section 1983 cannot be established solely on a theory of respondeat superior[1].  See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 691 (1978).  Because vicarious liability is inapplicable to §1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).   Likewise, as to CCA, a private corporation is not vicariously liable under §1983 for its employees' deprivations of others' civil rights.  Rosborough v. Mgmt. & Training Corp., 350 F.3d 459, 461 (5th Cir. 2003). Plaintiff has not presented allegations of involvement by Warden Keith or CCA, nor does he identify an unconstitutional policy implemented by either defendant that causally resulted in Plaintiff's injuries.  See Mouille v. City of Live Oak, Tex., 977

---

[1]The doctrine holding an employer or principal liable for the employee's or agent's wrongful acts committed within the scope of the employment or agency. Black's Law Dictionary (9th ed. 2009), respondeat superior.

F.2d 924, 929 (5th Cir. 1992), *cert. denied,* 508 U.S. 951 (1993).

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint **against all defendants except Pamela Horn** be DENIED and **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B) and 1915A.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 4th day of February, 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE