RECEIVED

MAY 2 0 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT                    c
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JONICA HAAMID PHILLIPS, Plaintiff | CIVIL ACTION NO. 13-CV-2516; Sec. P |
| VERSUS | JUDGE TRIMBLE |
| TIM KEITH, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the Court is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiff Jonica Haamid Phillips ("Phillips") on August 20, 2013 (Doc. 1). The sole remaining defendant is Pamela Horn ("Horn"). Horn was an employee of Winn Correctional Center ("WNC") from 2009 to 2015. Phillips claims that, while he was incarcerated at WNC, Horn failed to protect him from an assault by another inmate and did not follow rules and regulations that would have prevented inmate Donald Fields ("Fields") from bringing in or obtaining weapons or contraband (Doc. 1, 10). Phillips seeks $100,000 in monetary damages, including punitive damages (Doc. 1).

Horn answered the Complaint (Doc. 21) and filed a Motion for Summary Judgment on March 30, 2016 (Doc. 63). Horn maintains there is no evidence to suggest that she knew prior to the October 18, 2012 incident that there were any problems between Phillips and Fields that would prevent them from being housed in the same cell. Horn further argues that there is no evidence to suggest that she was deliberately indifferent to Phillips or intended that he be injured by Fields. Horn supports her contentions through personal affidavits, Phillips's deposition, Phillips's

Administrative Remedy Procedure ("ARP") forms, and Phillips's and Fields's Enemy/Protection Lists.

Phillips opposes the Motion (Doc. 65). Phillips counters Horn's assertions by submitting all discovery documents of record, answers to interrogatories, and admissions.

Horn's Motion for Summary Judgment (Doc. 63) is now before this Court for disposition.

<u>Background</u>

Phillips is an inmate in the custody of the Louisiana Department of Corrections ("DOC") currently incarcerated at WNC. In his original complaint, he named as defendants Tim Keith, Virgil Lucas, Tommy Glover, Pamela Horn, Corrections Corporation of America, and WNC.

Phillips alleges that he was stabbed by his cellmate on October 18, 2012, while Phillips was asleep. Phillips further alleges that when he and his cellmate were originally placed in the same cell, Phillips told Horn that he could not live in the cell with Fields, because Fields was known to attack other inmates. He then states that Horn did not take his statement seriously and told him "that [he] would be alright." (Doc. 1). Phillips states he received injuries to his chest, stomach, hand, and leg, and medical records corroborate the wounds to the left upper leg, scratches to the stomach area, and one puncture wound to the stomach area (Doc. 65-2). The inmates were photographed and Band-Aids were given to Phillips for minor injuries (Docs. 63-4, 65-2). Once examined and cleared by medical staff, Phillips was escorted back to a cell (Doc. 65-2).

2

## Law and Analysis

I.    Summary Judgment

Federal Rule of Civil Procedure 56 mandates that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Furthermore, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c).

"Summary judgment is appropriate only if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' when viewed in the light most favorable to the non-movant, 'show that there is no genuine issue as to any material fact.'" TIG Ins. Co. v. Sedgwick James of Washington, 276 F.3d 754, 759 (5th Cir. 2002) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id. (citation omitted). If the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause, the non-movant must come forward with 'specific facts' showing a genuine factual issue for trial." Id. (citations omitted). The

non-moving party must rely upon more than mere allegations in its pleadings to show a genuine issue for trial. S.E.C. v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1993). "If the record as a whole could not lead a rational trier of fact to find for the nonmovant, then there is no genuine issue for trial." Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

## II.    Failure to Protect

Prison officials have a duty, under the Eighth Amendment, to protect prisoners from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 833 (1994); see also Johnston v. Lucas, 786 F.2d 1254, 1259 (5th Cir. 1986). "A prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious" and the "prison official's act or omission must result in the denial of the minimum civilized measure of life's necessities." Second, "a prison official must have a sufficiently culpable state of mind," i.e. deliberate indifference to a prisoner's constitutional rights, to be subjected to a § 1983 liability to that prisoner. Farmer, 511 U.S. at 834. "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. "An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." Id. at 838.

Therefore, to establish an Eighth Amendment "failure to protect" claim, the inmate must show that the prison official acted or failed to act despite his knowledge of a substantial risk of serious harm. Id. at 842. The question under the Eighth Amendment is whether a prison official exposed a prisoner to a sufficiently substantial risk of serious damage to his future health. It does not matter whether the risk comes from a single source or from multiple sources, any more than it matters whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in a situation face such a risk. Id. at 843.

The failure of a prisoner to give any advance notice to prison officials of potential danger to the prisoner's safety is not dispositive of the issue of the official's awareness. Id. at 848. Nor is advance notice of a substantial risk of assault posed by a particular fellow prisoner a prerequisite. Id. at 849, n. 10. On the other hand, prison officials may show that they were unaware of an obvious risk to inmate health or safety, or that, although they actually knew of the risk, they "believed (albeit unsoundly) that the risk to which the facts gave rise was unsubstantial or non-existent," or that they responded reasonably to a substantial risk even if the harm ultimately was not averted. Id. at 844. "Prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause." Id. at 845.

III.  Analysis

Phillips alleges that he should not have been placed in the same cell with Fields because Fields had a "known reputation for fighting and attacking other inmates physically." (Docs. 63-4, 65). Phillips further alleges that he told Horn at that time

that he could not live in the cell with Fields and that Horn did not take his statement seriously and told him that he "would be alright." (Docs. 1, 65).

As noted above, Phillips must show that the prison official acted or failed to act despite his knowledge of a substantial risk of serious harm. See Farmer, 511 U.S. at 842. However, Phillips failed to present evidence that Horn had knowledge of a substantial risk of serious harm and subsequently failed to act to protect Phillips' safety.

Horn was the Unit Manager of Cypress Unit at WNC and was responsible for authorizing the movement of inmates from one cell to another (Doc. 63-3). Phillips made one unsubstantiated allegation that he informed Horn that he did not want to be placed in the same cell with Fields (Doc. 65). However, Phillips never followed up that one alleged comment in the time between his placement in the cell and the attack, approximately eight days later (See Docs. 63-3, 63-4, 65). Nor did Phillips mention the comment to Horn in ARP forms he filed after the incident (Docs. 63-4, 63-5). Phillips's claims related to the medical care given to Phillips, general allegations regarding poorly trained staff, Horn not performing her job duties, and employees not following policy and procedure (Docs. 63-4, 63-5). The first time Phillips mentioned the comment allegedly made to Horn was when Phillips filed the Complaint in this Court (Doc. 63-4).

Furthermore, all inmates with the DOC have a right to list their enemies in the master file, and inmates with known enemies upon their arrival into the unit are documented on the SCR (10-100A) form (Doc. 63-3). Per prison policy, the inmate's Enemy/Protection List is reviewed before authorizing the movement of one inmate

6

into a cell with another inmate (Doc. 63-3). Additionally, inmates who are involved in altercations in General Population or Restricted Housing are requested to sign an affidavit that they have resolved their differences before being released back to General Population (Doc. 63-3). Other prison policies and procedures include security checks every thirty minutes, random and mandatory shakedowns, and random strip searches during each shift to deter the possession of contraband (Doc. 63-3).

Horn submitted copies of both Phillips's and Fields's Enemy/Protection List (Doc. 63-6). Fields's form has no names listed on it. Phillips's form has one name – that person is not Fields. Furthermore, other than Fields's alleged "known reputation" for violence against other inmates, there were no previous altercations between Fields and Phillips and they had never been housed in the same dorm (Doc. 63-4).

Other than the one unverified statement Phillips alleges he made to Horn on the date he was placed in the cell with Fields, Phillips has failed to present any evidence that Horn knew of and disregarded a substantial risk to his safety. Further, Phillips has presented no evidence of any policy (or lack thereof) that is constitutionally deficient and that would give rise to liability on the part of Horn.

Since Horn has established that there is no genuine issue of material fact which would preclude a summary judgment, Horn's Motion for Summary Judgment should be granted.

Conclusion

Based on the foregoing, IT IS RECOMMENDED that Defendant's Motion for Summary Judgment (Doc. 63) be GRANTED and that the claims against Horn be dismissed.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 20ᵗ day of May, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge

8